IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40559
Summary Calendar
_____

RICKY JAMES DAVIS,

                                        Plaintiff-Appellant,

versus

RAYMOND BYRD, Major, Michael Unit,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:95-CV-483
- - - - - - - - - -
December 24, 1997

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Ricky James Davis, Texas inmate # 519327, appeals judgment for the defendant following a bench trial in his civil rights suit pursuant to 42 U.S.C. § 1983. He argues that the evidence showed that he was the victim of excessive force during a prison lock-down. We have reviewed the record and the parties' briefs and AFFIRM for the reasons set forth by the magistrate judge. Davis v. Byrd, No. 6:95-CV-483 (E.D. Tex. June 3, 1996).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Davis also argues that the trial court improperly limited the number of witnesses which he would be permitted to call at trial.  Inasmuch as the purported testimony of the uncalled witnesses was cumulative, the magistrate judge did not abuse his discretion in limiting Davis's witnesses.  See Gibbs v. King, 779 F.2d 1040, 1047 (5th Cir. 1986).  Davis also challenges the trial court's refusal to appoint an expert to examine the use-of-force video tape.  Davis was not entitled to the appointment of an expert.  See Pedraza v. Jones, 71 F.3d 1996-97 n.5 (5th Cir. 1995).  Last, Davis's contention that he was barred from calling his only witness is not supported by the record.

AFFIRMED.